FILED
JUL 11 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA<br><br>Plaintiff,<br><br>v.<br><br>ELITE LIVING REALTY, LLC<br><br>Defendant. | Case No. SA24CA0768 JKP<br><br>PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND TEXAS BUSINESS AND COMMERCIAL CODE<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE CASE

1. This action seeks to remedy the unlawful and intrusive telemarketing practices of Defendant, Elite Living Realty, LLC ("Defendant" or "EL Realty"), who have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commercial Code, Chapter 302 ("Tex. Bus. & Com. Code"), by initiating unwanted telemarketing calls to Plaintiff Mark Anthony Ortega ("Plaintiff" or "Ortega") without his consent and in disregard of his status on the National Do Not Call Registry and requests to stop, causing him frustration, annoyance, and a sense of privacy invasion.

## BACKGROUND ON THE TCPA

2. Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

3. Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. See *Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015)*.

4. The private right of action provided by the TCPA is essential to curbing these violations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

6. Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302. While the Texas Business and Commercial Code, Chapter 302, is a state law, it complements and supplements the federal TCPA by providing additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

7. In this instance, the claims under the Tex. Bus. & Com. Code § 302 are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendant's alleged telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302.

8. This Court has personal jurisdiction over Defendant as they conducted business within this district and purposefully availed themselves of the privilege of conducting activities within the State of Texas.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

10. Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

11. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant Elite Living Realty, LLC is a Texas Corporation with its principal place of business in Dallas, TX.

13. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

14. Seeking respite from the relentless intrusion of unwanted telemarketing calls, Plaintiff diligently registered his cellular telephone number, 210-744-XXXX ("Plaintiff's Number"), with the National Do Not Call Registry on or around January 23, 2012.

15. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

16. Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

17. Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

18. Plaintiff has never granted express consent to Defendant, or any entity affiliated with them, to receive telemarketing calls.

19. Beginning on or around May 16, 2022, Plaintiff received multiple unsolicited text messages from EL Realty using the phone number 210-794-8498 to Plaintiff's Number.

20. The following are the text messages that Plaintiff received from EL Realty and its agents, Guadalupe Isabel and Lupe Moreno:

To: +1 (210) 794-8498

Text Message
May 16, 2022 at 8:32 PM

Hi, thanks for requesting property info on our site. Just curious, are you actively searching for a property... or just browsing right now?- Guadalupe Isabel

May 18, 2022 at 6:23 PM

I saw you visited our website the other day. I meant to ask, are you an investor? Or are you looking for a primary residence?

May 21, 2022 at 4:50 PM

Did you get the home value info I sent you? What did you think of the numbers?

I was about to set up some alerts that will notify you when a new property hits the market. Are there specific areas and price ranges you're interested in?

May 25, 2022 at 2:42 PM

My name is Lupe Moreno, I've helped many homeowners sell their properties in this area and have a lot of local market knowledge to offer.
Would you be open to considering selling your home through an agent? Together, we can ensure you get the highest sale price possible.
Lupe Moreno
Elite Living Realty LLC

Stop

My name is Lupe Moreno, I've helped many homeowners sell their properties in this area and have a lot of local market knowledge to offer.
Would you be open to considering selling your home through an agent? Together, we can ensure you get the highest sale price possible.
Lupe Moreno
Elite Living Realty LLC

May 26, 2022 at 9:01 PM

My name is Lupe Moreno, I've helped many homeowners sell their properties in this area and have a lot of local market knowledge to offer.
Would you be open to considering selling your home through an agent? Together, we can ensure you get the highest sale price possible.
Lupe Moreno
Elite Living Realty LLC

21. These messages, initiated by individuals identifying themselves as Guadalupe Isabel and Lupe Moreno, were marketing the services of EL Realty.

22. Despite not receiving a response to the initial text messages, EL Realty, through Guadalupe Isabel and Lupe Moreno, continued to send unsolicited text messages to Plaintiff's Number on May 18, 21, 25, and 26, 2022.

23. On May 25, 2022, after receiving multiple unsolicited text messages, Plaintiff responded with the word "stop" to the Defendant, a clear and unambiguous request for Defendant to cease all further communication.

24. Despite this direct instruction to cease and desist, Plaintiff received two additional text messages from Defendant on May 25 and 26, 2022. Notably, these final two messages were completely identical in content, strongly suggesting that they were automatically generated by a pre-recorded or automated messaging system, rather than individually typed and sent by a human representative of EL Realty.

25. The unauthorized solicitation telephone calls that Plaintiff received from Defendant have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

26. In response to these calls, Plaintiff brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory and actual damages and costs.

### COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5))

27. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 26.

28. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
### Violation of the Telephone Consumer Protection Act
### Failure to Honor Do-Not-Call Request
### (47 C.F.R. § 64.1200(d)(6))

31. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 26.

32. The TCPA and its accompanying regulations impose an affirmative obligation upon entities engaged in telemarketing to honor consumer requests to cease such solicitations. *See* 47 C.F.R. § 64.1200(d)(6).

33. Specifically, 47 C.F.R. § 64.1200(d)(6) requires a "person or entity making calls for telemarketing purposes" to "maintain a record of a consumer's request not to receive further telemarketing calls" and honor said request "for 5 years from the time the request is made."

34. On or around May 25, 2022, Plaintiff expressly instructed EL Realty, in writing, to cease all telemarketing communications, effectively creating a do-not-call request pursuant to 47 C.F.R. § 64.1200(d)(6).

35. Notwithstanding Plaintiff's clear and unequivocal request that Defendant stop calling, Defendant chose to ignore Plaintiff's instructions and proceeded send solicitations to Plaintiff's Number.

36. As a result of Defendant's failure to implement and maintain procedures reasonably calculated to honor Plaintiff's do-not-call request, and/or Defendant's intentional and knowing decision to disregard said request, Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT III
### Violation of the Texas Business and Commercial Code
### (Tex. Bus. & Com. Code § 302.101)

37. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 26.

38. The actions of Defendant, as described herein, constitute "telephone solicitation" as defined under Tex. Bus. & Com. Code § 302.001(7), because they were unsolicited telephone calls to Plaintiff made for the purpose of inducing Plaintiff to purchase a business loan.

39. Upon information and belief, Defendant is not registered as a telemarketer in Texas, as required by Tex. Bus. & Com. Code § 302.101.

40. §302.302(a) of the Texas Business & Commercial Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

41. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT IV
### Violation of the Telephone Consumer Protection Act
### ATDS or Pre-Recorded Message
### (47 C.F.R. § 64.1200(227(b)(1)(A)(iii))

42. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 26.

43. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's Number without consent.

44. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to damages in an amount to be proven at trial.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Award Plaintiff all damages available under the TCPA, including statutory damages of $500.00 for each violation of 47 U.S.C. § 227(c), or $1,500.00 for each willful or knowing violation.

B. Award Plaintiff all damages available under Tex. Bus. & Com. Code § 302, including statutory damages of $5,000 per violation as provided under Tex. Bus. & Com. Code § 302.302(a).

C. Award Plaintiff all damages available under the TCPA, including statutory damages of $500.00 for each violation of 47 U.S.C. § 227(b), or $1,500.00 for each willful or knowing violation.

D. Award Plaintiff actual damages suffered as provided under 47 U.S.C. §227(c)(5)(A)), 47 U.S.C. §227(b)(3)(B)), and Tex. Bus. & Com. Code § 302.302 at trial.

E. Issue a permanent injunction prohibiting Defendant from further calls to Plaintiff in violation of the TCPA as provided under 47 U.S.C. § 227(b)(3) and (c)).

F. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Bus. & Com. Code §302.302(a).

G. Grant any other relief deemed just and equitable by the Court.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Mark Anthony Ortega**, demands a jury trial in this case.

Dated: July 5, 2024                    Respectfully submitted,

                                                Mark Anthony Ortega
                                                Plaintiff, Pro Se

                                                By: _____
                                                mortega@utexas.edu
                                                PO Box 702099
                                                San Antonio, TX 78270
                                                Telephone: (210) 744-9663