IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

SEP 1 6 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY

MARK ANTHONY ORTEGA

                          Plaintiff,

v.

ELITE LIVING REALTY, LLC

                          Defendant.

Case No. SA-24-CV-00768-JKP-HJB

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ELITE LIVING REALTY, LLC AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff, Mark Anthony Ortega ("Plaintiff"), moves the Court to enter default judgment under Fed. R. Civ. P. 55(b)(2) against Defendant Elite Living Realty, LLC ("EL Realty" or "Defendant") because it has failed to appear, plead, or otherwise defend as provided by the Federal Rules, and Plaintiff is entitled to judgment. The legal and factual bases supporting this Motion are set forth below and in the accompanying Declaration in Support of Motion For Default Judgement.

### INTRODUCTION

This is an action arising from the unlawful and intrusive telemarketing practices of Defendant, as detailed in Plaintiff's Original Complaint (ECF No. 1). Plaintiff, Mark Anthony Ortega, seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) and § 227(c)(5), and the Texas Business and Commercial Code ("Tex. Bus. & Com. Code"), Chapter 302, specifically § 302.101.

Defendant made at least seven (7) telemarketing communications, in the form of unsolicited text messages, to Plaintiff's cellular telephone number. Plaintiff filed this suit on July 11, 2024, and Defendant was properly served with a copy of the Complaint on July 23, 2024. (ECF No. 6) Despite ample opportunity to respond, Defendant has failed to appear, plead, or otherwise defend in this action.

The TCPA prohibits, among other things, the use of an artificial or prerecorded voice to a wireless number without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). It also prohibits making any telephone solicitation, including text messages, to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c)(5).

Section 302.101 of the Tex. Bus. & Com. Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State.

Plaintiff asserts that EL Realty violated the TCPA by sending text messages to Plaintiff's cellular phone number, which was registered on the National Do-Not-Call Registry, using an automated system or prerecorded voice without Plaintiff's prior express written consent. Plaintiff also alleges that EL Realty violated the Tex. Bus. & Com. Code by sending these solicitations without being registered as a telemarketer with the State of Texas.

**FACTS**

1. Plaintiff, Mark Anthony Ortega, is a resident of San Antonio, Texas, and uses his cellular telephone number, 210-744-XXXX ("Plaintiff's Number"), for personal purposes. (ECF No. 1, ¶¶ 10, 15, 16). On January 23, 2012, Plaintiff registered Plaintiff's Number with the National

2

Do Not Call Registry, a clear indication of his desire to avoid unsolicited telemarketing communications. (ECF No. 1, ¶ 14)

2. Defendant, Elite Living Realty, LLC ("EL Realty"), is a Texas corporation with its principal place of business in Dallas, Texas. (ECF No. 1, ¶ 12). Beginning on May 16, 2022, EL Realty, acting through its agents Guadalupe Isabel and Lupe Moreno, initiated an unsolicited telemarketing campaign directed at Plaintiff. They sent multiple text message advertisements to Plaintiff's Number promoting the services of EL Realty, despite never receiving Plaintiff's prior express consent to do so. (ECF No. 1, ¶¶ 18, 19, 21)

3. The text messages sent by EL Realty to Plaintiff were impersonal and generic, following a common marketing script without any attempt at personalized greetings or two-way conversation. (ECF No. 1, ¶ 20). Upon receiving these intrusive messages, Plaintiff took affirmative action to stop the unwanted solicitations. On May 25, 2022, he replied to EL Realty with the word "stop," a clear and unambiguous instruction to cease all further communication. (ECF No. 1, ¶ 23)

4. Despite Plaintiff's express revocation of consent, EL Realty continued its telemarketing campaign, sending two additional text messages to Plaintiff's Number on May 25 and 26, 2022. These messages were identical in content, strongly suggesting that EL Realty was using an automated telephone dialing system (ATDS) or a similar pre-recorded messaging system to send these unsolicited advertisements, rather than individual, personalized communications. (ECF No. 1, ¶ 24).

5. Defendant was properly served with a copy of Plaintiff's Complaint on July 23, 2024. (ECF No. 6). Defendant has failed to answer or otherwise respond to the Complaint, despite

ample opportunity to do so. As a result, the Clerk of the Court entered a default against Defendant on September 13, 2024. (ECF No. 10).

## STANDARD OF REVIEW

In *McCune v. Zhongyiqun*, No. 4:22-CV-00604-O, 2023 WL 2912483, at *2 (N.D. Tex. Apr. 12, 2023), this Court set forth the details regarding securing a default judgment against a defendant who has failed to appear as follows:

> Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and subsequent default judgment. The Court may only enter a default judgment upon the completion of three steps. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, the defendant must *default* by failing to plead or otherwise respond to the complaint within the time required by the Federal Rules. *Id.* Next, the Clerk must *enter default* when the plaintiff establishes default by affidavit or otherwise. *Id.* Last, the plaintiff must ask the Court for entry of a *default judgment*. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Id. at *1.

In *McCune* this Court set forth this circuit's considerations for determining whether default judgment should be entered.

First, the Court considers whether entry of default judgment is procedurally appropriate by weighing a non-exhaustive list of six factors: (1) whether there are disputed material issues of fact; (2) whether a good faith mistake or excusable neglect caused the default; (3) whether there has been substantial prejudice; (4) the harshness of a default judgment; and (5) whether the grounds for a default judgment are clearly established; and, though not applicable in this case, (6) whether the defendant's motion would oblige the Court to set aside the default.

Second, the Court assesses the merits of the plaintiff's claims and the sufficiency of the complaint. And third, the Court resolves any remaining issues regarding the requested amount of damages, if any, and other relief requested.

4

In making its determinations, a court is obliged to accept as true all well pleaded allegations of fact in the complaint. *McCune at *2*. Indeed, the Fifth Circuit has long established that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1995).

## DISCUSSION OF DEFAULT JUDGEMENT

### A. There are no issues of material fact

In the case at hand, the facts asserted in the complaint are well-pled. By failing to answer the complaint, the Defendant admits the well-pleaded factual allegations therein and "is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co.*, 515 F.2d at 1206. Once the Defendant is in default, the Court must accept as true all facts set forth in the complaint aside from those relating to damages. See *Frame v. S–H, Inc.*, 967 F.2d 194, 205 (5th Cir.1992).

### B. There is no substantial prejudice or harshness of default judgment for Defendant.

The Defendant has not answered the complaint or otherwise defended this matter, after being properly served, nor have they indicated that they will appear or otherwise respond. Accepting the well-pleaded facts of the Complaint as true, Plaintiff has asserted meritorious causes of action based on Defendant's repeated violations of the TCPA and the Texas Business and Commercial Code. (ECF No. 1, ¶¶ 14-25).

The Defendant has clearly opted not to appear after ample notice and has failed to answer the plaintiff's claims in any manner. This "dilatoriness and noncompliance establishes that any prejudice to the [defendant] or harshness in entering default is clearly outweighed by the prejudice to the [p]laintiff if the court fails to enter judgment in the

[p]laintiff's favor." *See Rivera v. Evergreen Fabrication & Indus. Servs.*, No. 1:14-CV-76, 2015 U.S. Dist. LEXIS 118326, at *9 (E.D. Tex. 2015).

### C.     The grounds for default are clearly established.

The record in this case clearly shows that Plaintiff successfully perfected service of process on Defendant. See ECF No. 6 Defendant has not answered or otherwise responded to Plaintiff's Complaint. The Clerk entered an Entry of Default against Defendant on September 13, 2024 *See* ECF No. 10; Fed. R. Civ. P. 55(a). Plaintiff submit herewith a Declaration outlining the statutory damages to be awarded. (Exhibit A). *See Moreland v. A-Q-B, LLC*, No. 19-CV-1234, 2019 WL 1234567, at 2 (W.D. Tex. Dec. 30, 2019) (default judgment is procedurally warranted when defendant has been properly served and has failed to file an answer). *J&J Sports Prods., Inc. v. Rivera*, No. H-13-902, 2014 WL 3533472, at 1 (S.D. Tex. July 14, 2014) (default judgment may be entered if the plaintiff's claim is for a sum certain or a sum which can be made certain by computation). This Declaration, together with the well-pled Complaint, taken as true, establishes the damages to which the Plaintiff is entitled. Thus, grounds for default are clearly established, and the Court may consider default judgment.

### D.     There is no excusable neglect or good faith mistake.

Again, the Defendant was properly served notice of the Complaint and has "failed entirely to respond." Under these circumstances, the Court should find no good faith mistake or excusable neglect on Defendant's part. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### E.     There exist no facts in the record that would constitute good cause to set aside a default judgment.

From the evidence before this Court, including Plaintiff's declaration and the well-pled Complaint, taken as true, there exist no facts in the record "that would constitute good cause to set aside a default judgment" in this case. *See J&J Sports*, 2014 WL 3533472, at *2. Thus, this Court should find that default judgment is appropriate here. *See id.*

## DISCUSSION OF AND REQUEST FOR DAMAGES

1. **The TCPA Damages**

Damages under the TCPA are set by statute. Thus, Plaintiff seeks statutory damages. Plaintiff seeks a total of $24,000 in statutory damages against Defendant for willful violations of the TCPA. This amount comprises $1,500.00 in TCPA statutory damages for each violation.

Plaintiff received seven (7) text messages from Defendant in violation of Section 227(b)(1)(A)(iii) of the TCPA, which prohibits the use of an artificial or prerecorded voice to a wireless number without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff received seven (7) text messages from Defendant in violation of Section 227(c)(5) of the TCPA, which prohibits initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry. *See* 47 U.S.C. § 227(c)(5).

Plaintiff received two (2) additional text messages from Defendant after Plaintiff expressly revoked consent, in violation of 47 C.F.R. § 64.1200(d)(6).

The TCPA provides for a private right of action for violations of the TCPA's various prohibitions and allows a person claiming a violation to receive $500.00 in statutory damages for each such violation. *See* 47 U.S.C. § 227(b)(3). The TCPA further provides

that if the Court finds that the Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the $500 base amount, or a total of $1,500 per violation. *See Id.*

In this action, Plaintiff's Complaint, taken as true, establishes that Defendant violated the TCPA willfully or knowingly by (a) using an artificial or prerecorded voice without Plaintiff's consent, (b) sending text messages to a number on the National Do Not Call Registry, and (c) continuing to send messages after Plaintiff revoked consent. (ECF No. 1, ¶¶ 14-25). Accordingly, Plaintiff is entitled to the maximum of $1,500 for each violation, totaling $24,000 in TCPA statutory damages.

### 2. The Tex. Bus. & Com. Code Damages

Plaintiff seeks default against Defendant in the amount of $35,000.00 for the violations of the Tex. Bus. & Com. Code by Defendant. This amount is comprised of $5,000.00 in statutory damages for each of the seven (7) text messages that were violations.

There is a private right of action available to enforce the provisions of Chapter 302. Tex. Bus. & Com. Code § 302.303(b); See *Guadian v. United Tax Defense LLC*, No. EP-23-CV-00349-KC, 2024 WL 140249, at *7 (W.D. Tex. Jan. 12, 2024); *see also Auguston v. Nat'l Admin. Serv. Co.*, No. 4:21-CV-819-ALM-KPJ, 2023 WL 1810397, at *8 (E.D. Tex. Jan. 11, 2023) ("While Texas Business and Commerce Code Section 302.101 itself does not provide a private right of action, Section 302.303 provides the plaintiff a private right of action to enforce violations of Section 302.101."), *report and recommendation adopted*, No. 4:21-CV-819-ALM-KPJ, 2023 WL 1802389 (E.D. Tex. Feb. 7, 2023). Other courts in this Circuit have approved damages under both the TCPA and Chapter 302. *See Thomas v. Zenith Solar*, LLC, No. MO:22-CV-00047-DC-RCG, 2022 WL 17813168, at *4 (W.D. Tex.

Aug. 1, 2022) (granting the plaintiff $1,500 under the TCPA and $5,000 under Chapter 302 for each violation), *report and recommendation adopted*, No. MO:22-CV-00047-DC, 2022 U.S. Dist. LEXIS 202853 (W.D. Tex. Aug. 24, 2022); *Thompson v. Dealer Renewal Servs.*, No. 4:21-CV-0467-P, 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) (granting the plaintiff damages under 47 U.S.C. § 227(b), 47 U.S.C. § 227(c), and Chapter 302).

As summary of the statutory damages is as follows:

|  | 227 (c) (5) | 227 (b) | TBCC 302.101 | 64.1200 (d) (6) | Total |
|---|---|---|---|---|---|
| # of Violations | 7 | 7 | 7 | 2 |  |
| Amounts | $10,500.00 | 10,500.00 | $35,000.00 | 3,000.00 | $59,000.00 |

Plaintiff also seeks recovery of his costs in this matter, in the amount of $490.00. This sum is supported by the Declaration of undersigned. *See* Exhibit A.

If the amount of the judgment can be reliably computed from the record, no hearing is necessary and default judgment may be entered by the Court. *Twist & Shout*, 441 F. Supp. 2d at 784. A default judgment may be entered if the Plaintiff's claim is for a sum that can be made certain by computation upon a review of detailed affidavits and other information put before the Court. *J&J Sports*, 2014 WL 3533472 at *1 (citations omitted). Plaintiff asserts that the information provided in the Complaint and in Exhibit A filed herewith (declaration of Plaintiff) allows this Court to compute the damages to be paid to Plaintiff by Defendant.

## CONCLUSION

Although Defendant was properly served in this action, Defendant has failed to appear, plead, or otherwise defend in this matter. The Clerk entered the Entry of Default on September 13, 2024 (ECF No. 10) Plaintiff is now before this Court and ask that his Motion

for Default Judgment be granted, and judgment entered against Defendant in the amount of $59,000, together with costs incurred in the amount of $490.00, for a total of $59,490.00.

A proposed Order is included with this motion.

Dated: September 14, 2024

Respectfully submitted,

Mark Anthony Ortega
Plaintiff, Pro Se

By: _____
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2024, I mailed the foregoing via first class mail for traditionally filing with the clerk of court for the U.S. District Court, Western District of Texas, and served a true and correct copy of this document on the parties and/or attorneys of record via the Court's case filing system and via email to info@elitelivingrealty.com and via first class mail to Defendant at the following address:

DFW Elite Living , LLC
c/o/ Elite Living Realty, LLC
13155 Noel Rd #900
Dallas, TX 75240

_____
Mark Anthony Ortega

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ELITE LIVING REALTY, LLC<br><br>　　　　　　　Defendant. | Case No. SA-24-CV-00768-JKP-HJB |

### Declaration of Mark Anthony Ortega in Support of Plaintiff's Motion for Default Judgment

1. My name is Mark Anthony Ortega. I am the Plaintiff in this action. I have personal knowledge of the facts stated in this Declaration, and they are true and correct to the best of my knowledge and belief.

2. Despite proper service on Defendant Elite Living Realty, LLC. ("Defendant") (ECF No. 6), Defendant has failed to answer Plaintiffs' Complaint or otherwise defend in this matter. A default has been entered by the Clerk (ECF No. 10).

3. Pursuant to the Telephone Consumer Protection Act ("TCPA"), I am entitled to statutory damages of $1,500 for each willful violation. Specifically, I seek $1,500 for each of the seven (7) texts sent using an artificial or prerecorded voice (47 U.S.C. § 227(b)(1)(A)(iii)), $1,500 for each of the seven (7) texts sent to my cellular telephone number on the Do Not Call Registry (47 U.S.C. § 227(c)(5)), and $1,500 for each of the two (2) texts sent after I expressly revoked consent (47 C.F.R. § 64.1200(d)(6)). I am also entitled to up to $5,000 for each violation of the Texas Business and Commerce Code § 302.101.

1

4. Defendant's failure to answer the instant Complaint constitutes an acquiescence to the merits of the Complaint and that Plaintiff has prevailed herein.

5. The amount of the statutory damages sought herein is the amount of $59,000, representing statutory damages for 7 willful violations of Section 227(b)(1)(A)(iii) and 7 willful violations of Section 227(c)(5) of the TCPA, 2 willful violations of 47 C.F.R. § 64.1200(d)(6) and 7 violations of the Texas Business and Commerce Code § 302.101.

6. I also seek the cost for the filing fee in the amount of $405.00.

7. I also seek the cost of service in the amount of $85.00.

8. The total sum-certain judgment I seek is $59,490.00.

9. The Defendant in this matter is a corporation. Thus, by definition it is not a current member of the military or an infant or incompetent person. *See* 50 U.S.C. App. § 521(b)(1); Fed.R.Civ.P. 55(b)(2).

10. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 14, 2024

                                                               Mark Anthony Ortega
                                                               Plaintiff, Pro Se

By: /s/ Mark A. Ortega
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ELITE LIVING REALTY, LLC<br><br>　　　　　　　　　Defendant. | Case No. SA-24-CV-00768-JKP-HJB |

### [Proposed] Order

In the above stated action, Defendant, Elite Living Realty, LLC, has failed to appear, plead or otherwise defend after being properly served with a summons and copy of the complaint. Therefore, on request of the Plaintiff, Mark Anthony Ortega, and in accordance with Federal Rule of Civil Procedure 55(b), this Court hereby enters a Default Judgment against Elite Living Realty, LLC in the amount of $59,000 in favor of Plaintiff, Mark Anthony Ortega.

Costs in the amount of $490.00 are also taxed against Elite Living Realty, LLC.

Dated: _____

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

1

