**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

**MARK ANTHONY ORTEGA,**

   *Plaintiff*,

v.     Case No. 5:24-CV-0768-JKP

**ELITE LIVING REALTY, LLC,**

   *Defendant*.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment Against Defendant (ECF No. 11). In support of the motion, Plaintiff provides his own declaration that he properly served the defendant and that he seeks (1) $1,500 for each of seven text messages sent to him using an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii); (2) $1,500 for each of the same seven text messages sent to his telephone number on the Do Not Call Registry in violation of 47 U.S.C. § 227(c)(5); (3) $1,500 for each of the two texts sent after he expressly revoked consent in violation of 47 C.F.R. § 64.1200(d)(6); and (4) $5,000 per seven alleged violations of the Texas Business and Commerce Code § 302.101. He thus seeks a total of $59,000 in statutory damages and costs of $490.

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff seeks entry of default judgment against Defendant. He provides legitimate reasons for finding that default judgment is procedurally warranted against Defendant. But that is only one step in determining whether the Court should enter default judgment. *See RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823-26 (W.D. Tex. 2020) (thoroughly addressing necessary prerequisites before courts enter a default judgment).

Courts apply "a three-part test to determine whether a default judgment should be en-

tered." *Id*. at 823. Before entering a default judgment courts (1) consider whether such "judgment is procedurally warranted"; (2) assess the substantive merits of asserted "claims to determine whether there is a sufficient basis in the pleadings for the judgment"; and (3) examine the requested relief to determine "what form of relief, if any, the plaintiff should receive." *Id*. Further, as in all cases, courts should assure that federal jurisdiction exists. *Id*.

This case presents no issue as to jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) (holding that federal courts have "federal-question jurisdiction over private TCPA suits"). Further, there appears to be no issue that default judgment is procedurally warranted on the facts of this case. But there must also be a sufficient basis in the pleadings for the judgment. *See RLI Ins. Co.*, 581 F. Supp. 3d at 824-25. In this case, Plaintiff asserts that, due to Defendant's default, he is entitled to default judgment based on the well-pled allegations of fact in his complaint. *See* Mot. at 5. He also bases his motion on the declaration noted above which calculates damages. Through his complaint, Plaintiff asserts claims for violations of (1) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5); (2) 47 C.F.R. § 64.1200(d)(6); (3) Tex. Bus. & Comm. Code § 302.101; and (4) 47 U.S.C. § 227(b)(1)(A)(iii). Compl. at 5–7.

Plaintiff is no stranger to this Court. A search of the Court's database reveals fifteen similar cases brought by him. At least two of his prior cases had issues with him properly pleading his claims. *See Ortega v. DiTommaso Inc.*, No. 5:24-CV-00369-JKP, 2025 WL 440278, at *1-8 (W.D. Tex. Feb. 6, 2025) (partially dismissing claims); *Ortega v. Sienna Mktg. & Consulting Inc.*, No. SA-24-CV-00487-OLG, 2025 WL 899970, at *1 (W.D. Tex. Mar. 4, 2025) (recommendation of Mag. J.) (recommending partial dismissal of claims) *adopted by* 2025 WL 899968 (W.D. Tex. Mar. 21, 2025).

When a party applies "to the court for a default judgment," the Court has discretionary

authority to conduct a hearing when "it needs to . . . (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). This rule "does not require an evidentiary hearing," and "explicitly grants the district court wide latitude." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Although the rule has undergone amendments since *James*, nothing indicates that the changes have affected the broad discretion accorded to the district courts. That discretion includes requiring the movant to provide "some proof of the facts that must be established to determine liability." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (parenthetically quoting 10A Charles A. Wright et al., Fed. Practice & Procedure § 2688 (3d ed. 1998)).

Invoking Rule 55(b)(2) requires the movant to apply for a default judgment. Implicit within such an application lies the need to show a basis for default judgment – both procedurally and substantively. Not only does the movant have those burdens, but it has the burden "to establish its entitlement to recovery," which relates to the form of relief sought in the operative pleading. *RLI Ins. Co.*, 581 F. Supp. 3d at 826. Courts may not enter a default judgment that "differ[s] in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Just as a party does not satisfy its burden on a motion to dismiss by simply invoking Fed. R. Civ. P. 12(b)(6), *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021), a party does not carry its burden to show a basis for default judgment by simply invoking Rule 55(b)(2) and stating that it has a viable claim. While a defaulting defendant "admits the plaintiff's well-pleaded allegations of fact," the "default does not in itself warrant the court in entering a default judgment." *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). This is so, because "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id*. Defaulting defendants do not "admit facts that are not well-pleaded." *Id*. Nor do they "admit conclusions of law." *Id*. Courts do not treat a default "as

3

an absolute confession by the defendant of . . . liability and of the plaintiff's right to recover." *Id*.

It is incumbent upon the movant to show entitlement to a default judgment. In this case, Plaintiff has not shown any such entitlement as to his asserted claims. In determining whether there is "a sufficient basis in the pleadings" for a default judgment "supported by well-pleaded allegations," the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten*, 788 F.3d at 497.

Plaintiff alleges that he received multiple, separate text messages from the same phone number attributed to Defendant. Although his declaration states that he received seven texts, the apparent screenshot provided with his complaint is not as clear. The screenshot shows texts received on five different days—May 16, 18, 21, 25, and 26, 2022. The first text was received from Guadalupe Isabel who was noting a request for property information from "our site," and inquisitively asked whether Plaintiff "was actively searching for a property…or just browsing right now?" Two days later, Plaintiff received a second text without any indication as to the identity of the texter. This text indicates that the texter saw that Plaintiff had "visited our website the other day," and asked whether he was "an investor" or "looking for a primary residence?" Three days thereafter, Plaintiff received a third (and perhaps fourth) text from the same number that did not identify the sender. It is unclear whether he received a two-paragraph text or two one-paragraph texts. Four days later, "Lupe Moreno" of "Elite Living Reality LLC," sent Plaintiff two identical text messages with a message sent from Plaintiff to "Stop" between the text messages. The next day, Moreno sent a third identical text message.

Plaintiff alleges that the texts were marketing services of Defendant. He also alleges that he received the last two text messages after he texted, "Stop," to Defendant thus providing a clear and unambiguous request for Defendant to cease all further communication. Plaintiff contends that the identical nature of the final two messages strongly suggests that they were generat-

4

ed by a pre-recorded or automated messaging system, rather than individually typed and sent by a human representative.

Section 227(b)(1)(A)(iii) makes it unlawful to make certain calls "using any automatic telephone dialing system or an artificial or prerecorded voice" to any cell phone. A violation of this statute provides a private right of action for recovery of "actual monetary loss . . . or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3). The Court also has discretionary authority to "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." *Id*.

Similarly, § 227(c)(5) of the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." Unlike the required "$500 minimum for autodialer violations under § 227(b)," courts have "discretion to award less than $500 per violation of the telephone solicitation subsection of the TCPA, § 227(c)." *Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 754 (W.D. Tex. 2011). Further, as in § 227(b)(3), the Court has discretionary authority under § 227(c)(5) to "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

While Plaintiff asserts separate claims under § 227(c)(5) and 47 C.F.R. § 64.1200(d)(6), § 227(c)(5) only provides a private cause of action for regulatory violations. Plaintiff asserts only one regulatory violation, i.e., § 64.1200(d)(6). This regulation "relates to a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls." *Bailey v. Domino's Pizza, LLC*, 867 F. Supp.2d 835, 842 (E.D. La. 2012). As it existed during the relevant period of this case, May 2022, it stated in full: "Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's

request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

Plaintiff contends that Defendant violated the requirement to maintain a record of his request not to receive further telemarking calls and honor the request for five years. He contends that his May 25, 2022 message to "Stop" expressly instructed Defendant in writing to cease all teleworking communications, effectively creating a do-not-recall request under the regulation. Although the regulation does require maintenance of do-not-call lists for those initiating "any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes," Plaintiff merely makes conclusory allegations and contentions that Defendant failed to maintain a record of his request.

While the Court has reservations as to whether simply texting "Stop" in response to the text received in this case is sufficient to constitute a do-not-call request, the Court will assume without deciding that it is sufficient. Even considering that text as sufficient, Plaintiff's allegations do not create a reasonable inference that Defendant violated § 64.1200(d)(6) after he texted "Stop" in response to a perceived automated text message. That Defendant texted again that same day and the next day does not reflect a violation of the requirement to maintain a do-not-call list. "One of the 'minimum standards' of these internal do-not-call list procedures is that, when an individual makes such a request, the person or entity must 'honor' the 'do-not-call request within a reasonable time from the date is made. This period may not exceed 30 days from the date of such request.'" *Sienna Mktg.*, 2025 WL 899970, at *5 (quoting § 64.1200(d)(3)). The two identified texts both occurred within the reasonable time that Defendant had to note the request and honor it. Under the allegations of this case, the Court does not find a sufficient basis in the pleadings for Plaintiff's claims under § 227(c)(5) and § 64.1200(d)(6).

Turning to the alleged violation of § 227(b)(1)(A)(iii), Plaintiff merely alleges that Defendant violated this provision "by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's Number without consent." Compl. ¶ 43. This is no more than a recitation of the elements of the alleged violation. First, as a practical matter, Defendant did not use any artificial or prerecorded voice, because the nature of the communications was textual in nature. Perhaps Plaintiff meant to allege use of an automatic dialing system, which also violates the statute. But such an allegation is also not well-pled. It is conclusory and provides no sufficient basis in the pleadings for a claim under § 227(b)(1)(A)(iii). *See DiTommaso Inc.*, 2025 WL 440278, at *3–4. Accordingly, the Court cannot find a sufficient basis in the pleadings for Plaintiff's claim under § 227(b)(3).

Plaintiff's asserted claim under Tex. Bus. & Comm. Code § 302.101 fares no better. Such claim relates to an allegation that Defendant "is not registered as a telemarketer in Texas." *See* Compl. ¶ 39. Section 302.101 requires sellers to hold "a registration certificate for the business location from which the telephone solicitation is made." Regardless, Plaintiff's allegation is based merely on "information and belief," and constitutes no more than a conclusory allegation without factual support. Consequently, the Court cannot find a sufficient basis in the pleadings for this claim.

Not only has Plaintiff's complaint failed to provide a sufficient basis for any asserted claim, but the complaint provides no sufficient basis for treble damages even had he asserted a sufficiently pled claim. Both federal and state law permit treble damages for willful or knowing violations. *See* 47 U.S.C. §§ 227(b)(3) and (c)(5); Tex. Bus. & Com. Code § 305.053(c). To be willful or knowing under the TCPA, the texter must "have reasons to know, or should have known that his conduct would violate the statute." *Adamcik v. Credit Control Servs., Inc.*, 832 F.

7

Supp. 2d 744, 754 (W.D. Tex. 2011) (quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex .2001)).

But other than his conclusory allegation that Defendant willfully or knowingly violated the TCPA when it texted him, Plaintiff provides scant allegations that even suggest that Defendant had a reason to know or should have known that its conduct would violate any statute or regulation or that its conduct was more than negligent. To award enhanced damages, the pleadings or evidence should "offer a sufficient indication of when Defendant's sending of text messages could have become willful and knowing." *Arredondo v. Flexi Corp.*, No. 5:17-CV-4, 2017 WL 7796192, at *2 (S.D. Tex. Aug. 18, 2017). Here it is uncertain whether Plaintiff's text to "Stop" "was effective to opt-out of Defendant's messaging service." *See id*. At most the texts following the message to "Stop" might have been in willful or knowing violation of a statute. But even that possibility is negated because the text messages fell within the reasonable period Defendant had to note and honor Plaintiff's opt-out request. And were the Court to find that those two messages violated the TCPA, treble damages might be available for those two messages, but no others. But this Court does not view the allegations of Plaintiff as sufficient to warrant invoking its discretionary authority to treble damages for any alleged violation.

Without a greater showing than present on the current record, the Court **DENIES** Plaintiff's Motion for Default Judgment Against Defendant (ECF No. 11). Given the substantial pleading deficiencies as discussed herein, the Court **DIRECTS** Plaintiff to show cause in writing **on or before June 3, 2025**, why the Court should not dismiss this case for his failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED this 20th day of May 2025.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**